IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| AARON PRESTON RICCI,<br><br>      Petitioner,<br><br>vs.<br><br>BOB OLSON,  ATTORNEY<br>GENERAL OF THE STATE OR<br>MONTANA,<br><br>      Respondents. | Cause No. CV 25-45-M-DWM<br><br><br>ORDER |

State pro se prisoner Aaron Preston Ricci ("Ricci") filed an application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2).  The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases.

As explained below, because Ricci's petition is unexhausted, it will be dismissed without prejudice.

1

## I.    Exhaustion

Following bench trial in Montana's Fourth Judicial District Court, Missoula County, Ricci was convicted of Assault with a Weapon.  On July 29, 2024, he was committed to the Montana Department of Corrections for a 5-year term.  (Doc. 1 at 1-2.)

Ricci did not timely file a direct appeal.  Similarly, he has not sought state postconviction or other collateral review.  (*Id.* at 2-3.)  He apparently is scheduled for a hearing before the  Montana Sentence Review Division on May 2, 2025. (*Id.* at 2.)   It appears Ricci may believe that his present federal filing constitutes an appeal to the highest state court having jurisdiction. *See*  (*Id.* at 5.)  A review of the Montana Supreme Court's docket reveals that Ricci has no matters before the Court, either active or closed.  *See Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011)(court may take judicial notice of proceedings in other courts, within and without the federal judicial system if those proceedings have a direct relation to the matters at issue).[1]

In his federal petition, Ricci alleges that he received improper representation, (Doc. 1 at 5-6), that he has physical difficulties which affected him during the underlying proceedings,  (*id.* at 7), and that the alleged victim gave false testimony and engaged in witness tampering.  (*Id.* at 8-9.)  Ricci explains he

---

[1] *See also*: https://supremecourtdocket.mt.gov/ (accessed April 7, 2025).

continues to experience physical pain and discomfort during his incarceration at the START program and he is not receiving all his medication. (*Id.* at 10.) Ricci asks that his criminal case be dismissed, and his sentence expunged. He seeks release from custody, return of all of his belongings, restoration of his rights, and to be released from jail. (*Id.* at 15.)

To the extent that Ricci seeks to challenge the current conditions of his confinement, such claim would be more appropriately filed as a civil rights action under 42 U.S.C. § 1983, rather than as a habeas corpus petition. *See Blair v. Martel*, 645 F. 3d 1151, 1157-58 (9th Cir. 2011) (Because the prisoner's claim did not challenge the validity of his conviction or "necessarily spell speedier release" it "belongs in a § 1983 complaint, not a habeas petition.").

A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its

3

prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal

quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies

available," § 2254(b)(1)(A) through the state's established procedures for appellate

review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal

legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th

Cir. 2008), and (3) describe "the operative facts . . . necessary to give application

to the constitutional principle upon which the petitioner relies." *Id.. see also Gray

v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three

prongs of the test in one proceeding.  "Mere 'general appeals to broad

constitutional principles, such as due process, equal protection, and the right to a

fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999,

cert. denied, 546 U.S. 818 (2005).

In the present case, the state courts have not yet considered the claims Ricci

attempts to advance.  Ricci must present these same claims to the state courts,

including the Montana Supreme Court, in a procedurally appropriate manner and

give them one full opportunity to review his federal constitutional claims.

*O'Sullivan*, 526 U.S. at 845.  Because Ricci has not yet completely exhausted his

available state court remedies, this Court cannot review the claims. *See Rose v.

Lundy*, 455 U.S. 509 (1982).  Dismissal will be **without prejudice**, allowing Ricci

to return to this Court if and when he fully exhausts the claims relative to his current custody.

## II.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Ricci has not yet made a substantial showing that he was deprived of a federal constitutional right.  Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings.  There are no close questions and there is no reason to encourage further proceedings in this Court.  A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Ricci's Petition (Doc. 1) is DISMISSED **without prejudice** as unexhausted.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this _____ day of April, 2025.

_____
Donald W. Molloy, District Judge
United States District Court